IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENSION BENEFIT GUARANTY CORPORATION, as statutory trustee of Carnation Plastics Mfg. Co. Inc. Pension Plan, | : : : : | No. 3:25cv2211 (Judge Munley) |
| Plaintiff | : | |
| | : : : : : | |
| v. | : : : | |
| RICHARD BLOOMER, | : | |
| Defendant | : | |

## MEMORANDUM ORDER

Before the court is a motion for alternate service filed by Plaintiff Pension Benefit Guaranty Corporation, as statutory trustee of Carnation Plastics Mfg. Co. Inc. Pension Plan ("PBGC"). (Doc. 10). PBGC requests an order deeming its attempts at service upon Defendant Richard Bloomer to be sufficient alternate service. As a fallback, PBGC requests that the court issue an order specifying an acceptable form of alternative service. For the reasons briefly outlined below, the court will deny the motion and direct the plaintiff to make further efforts to serve the defendant.

**Background**

This is an action filed against Bloomer under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1301–1461, to

recover losses suffered by a pension plan. (Doc. 1, Compl.).  PBGC is a federally chartered corporation, which was established to protect the pensions of plan participants and beneficiaries.  ERISA authorizes this action under 29 U.S.C. § 1342(d)(1)(B) and provides the court with subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1303(e)(3).

According to PBGC's complaint, Bloomer was the plan's trustee. Id. ¶ 8. He was also the president of Carnation Home Fashions, Inc. ("Carnation"), which established the plan in 1996 to provide pension benefits to its employees. Id. ¶ 7. Bloomer allegedly caused the plan to transfer approximately $122,020.92 from plan bank accounts to Carnation bank accounts. Id. ¶¶ 15–19.  He also allegedly transferred $3,521.56 from the plan's bank accounts directly to various persons and entities with no relation to the plan, including a payroll vendor, a landscaping company, and waste disposal company. Id. ¶¶ 20–23.  Consequently, the plan was terminated in February 2025 and PBGC was appointed statutory trustee pursuant to 29 U.S.C. § 1342(c). Id. ¶ 12.  According to PBGC, the benefits payable to the participants and beneficiaries exceeded the amount of the plan's assets by $147,544 and PBGC will make up the shortfall in accordance with the limits established by statute. Id. ¶ 13.

With the motion for alternate service, PBGC alleges that it conducted an extensive search to locate Bloomer and identified a residential address in

2

Matamoras, Pike County, Pennsylvania as being the defendant's true and correct address.[1] (Doc. 10, ¶ 5).  In December 2025, a process server attempted to effectuate service of the summons and complaint upon Bloomer at this address. Id. ¶ 6.

The process server completed an affidavit of non-service, noting the following:

> **Additional Comments:**
> 1) Unsuccessful Attempt: Dec 1, 2025, 11:45 am EST at 107 Decker Lane, Matamoras, PA 18336
> Address verified by elder man who identified himself at Luke and green signage below mailbox. The home is a 1 floor ranch with 2 car garage. No cars were parked outside the tan home with Christmas decorations. As I knocked on the door an older man who identified himself as Luke answered the door and stated he doesn't know anyone names Richard. Unsure if he was truthful because he seemed nervous about talking to me. He was 5'7", grey hair, approximately 200 lbs with a black hoodie and blue jeans and black glasses.

(Doc. 10-1, Def. Ex. A).

Thereafter, according to the motion, PBGC sent a message to Bloomer by email to the address used in previous communications between plaintiff and the defendant. Id. ¶ 7.  The message allegedly informed Bloomer of PBGC's attempt to serve him and attached a copy of the summons and complaint with a request that he provide a location at which he could be served. Id.  Per PBGC, Bloomer

---

[1] Plaintiff did not file a brief in support of their motion as required by the Rules of Court for the Middle District of Pennsylvania ("Local Rules") and the time for filing one has long passed. See M.D. Pa. L.R. 7.5 (requiring a brief in support for *any* motion, except for a motion requesting an enlargement of time, a motion with the concurrence of the parties, or a motion for appointment of counsel and setting a 14-day deadline to do so).  Under the Local Rules, "[i]f a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." Id.  In its discretion, the court will rule upon the motion without a brief in support.  However, counsel for PBGC is directed to review the Local Rules prior to filing any motion in the future.

did not respond. Id. The email is not attached to the motion. Emails establishing prior communications have not been attached either.

Additionally, PBGC avers that, in December 2025, it sent correspondence to Bloomer by United States Postal Service Certified Mail and UPS delivery. Id. ¶ 8. According to the plaintiff, it received confirmation of delivery through both methods. Id. The motion and accompanying exhibits do not mention the type of correspondence or provide the identity of the individual who accepted the certified mail. (See Docs. 10-1 and 10-2).

Finally, the same process server returned to the Matamoras residence in January 2026. (Doc. 10-4). That process server provided an affidavit of service, noting the following:

**Additional Comments:**
1) Successful Attempt: Jan 9, 2026, 12:10 pm EST at 107 Decker Lane, Matamoras, PA 18336 received by John Doe - Drop Serve. Age: 54; Ethnicity: Caucasian; Gender: Male; Weight: 240 lbs; Height: 5'9"; Hair: Other; Eyes: Hazel; Other: Wore a blue cap No glasses No visible tattoos ;
What's the address is verified with the green signage at the front of the driveway. This is a one floor ranch house with tan siding and two car garage. Front door is wooden and mainly glass. I could see that there were two dogs inside the property as well as a man on the couch. As I run the doorbell, the man approached the front door and refused to open while gesturing me to leave the premises. It was a Caucasian male in maybe mid 50s, 5'9" tall with a blue hat and black sweatsuit on. He weighs maybe 240 lbs and haves hazel eyes. I drop served at 12:11pm.

The process server's reference to a "drop serve" indicates that the server left a copy of the summons and complaint at the front door. (Doc. 10, ¶ 10).

**Analysis**

PBGC argues that the above efforts provided sufficient notice of this action to the defendant. Plaintiff requests an order deeming service to have been made. On this record, the court cannot do so.

Bloomer is an individual.  With respect to service of a complaint and summons on an individual, the Federal Rules of Civil Procedure provide:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Applying the above rule to the information provided, there is no indication that PBGC's process server delivered a copy of the summons and complaint to Bloomer personally.  Rather, the process server filed an affidavit indicating that a nervous man named "Luke" answered the door at a residence PBGC believes is Bloomer's address.  Then, that server came back and left the summons and

complaint on the doorstep when a man in a black sweatsuit refused to open the door.

The Federal Rules also authorize leaving a copy of the summons and complaint at an individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there. FED. R. CIV. P. 4(e)(2)(C).  With the motion, however, PBGC has not supplied evidence of its efforts to determine that the residence in Matamoras was Bloomer's dwelling or usual place of abode, even if its process server dropped a copy of summons and complaint at the doorstep in front of an individual gesturing for him to leave.

The Federal Rules also permit PBGC to follow state law in serving the summons and complaint.  FED. R. CIV. P. 4(e)(1).  Under the Pennsylvania Rules of Civil Procedure:

> (a)  Original process may be served
>
> > (1)  by handing a copy to the defendant; or
> >
> > (2)  by handing a copy
> >
> > > (i)   at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or
> > >
> > > (ii)   at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

6

> (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.

PA. R. CIV. P. 402.

For substantially the same reasons already mentioned, PBGC's efforts at service have not satisfied this state rule.[2]

There is no specific Federal Rule of Civil Procedure that provides for alternative service. However, Pennsylvania also authorizes service pursuant to a special order of court. PA. R. CIV. P. 430. "Service by special order is an extraordinary measure that is appropriate only after all other methods of service available under the rules have been exhausted." Countrywide Home Loans, Inc. v. Stringer, No. 3:CV-07-2072, 2008 WL 3853239, at *2 (M.D. Pa. Aug. 15, 2008) (Vanaskie, J.) (citations omitted). Specifically, the rule provides:

> If service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made.

PA. R. CIV. P. 430(a).

---

[2] Since the issue is not before the court, it need not determine whether original process should be served by a county sheriff or a competent adult in a case such as this. See PA. R. CIV. P. 400(a)–(b).

An official note to this rule illustrates a good faith effort to locate the defendant and includes examples like: (1) inquiries of postal authorities including inquiries pursuant to the Freedom of Information Act; (2) inquiries of relatives, neighbors, friends, and employers of the defendant; (3) examinations of local telephone directories, courthouse records, voter registration records, local tax records, and motor vehicle records; and (4) a reasonable internet search. Id.

Publication is among the alternative ways a defendant may be served in the Commonwealth and the state civil rules provide the manner and method of service in that manner. PA. R. CIV. P. 430(b).

At this juncture and on this record, the court cannot approve the efforts made to serve the defendant thus far. Plaintiff has failed to provide documentary evidence suggesting that the address in Matamoras is the defendant's true and correct residence. Additionally, the record does not support authorizing service by publication or any other alternative means under the Pennsylvania Rules of Civil Procedure. The motion for alternate service will thus be denied.

The above efforts, however, are sufficient to establish good cause for the plaintiff's failure to serve the defendant within the time ordinarily allowed under Rule 4(m). The court will extend the time for service for an appropriate period for the plaintiff to make proper service or file a renewed motion for alternative service.

the plaintiff to make proper service or file a renewed motion for alternative service.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).  Due to these concerns and for the reasons set forth above, it is hereby **ORDERED** that:

1) PBGC's motion for alternative service, (Doc. 10), is **DENIED** without prejudice; and

2) For good cause shown, the time limit for service is extended by 45 days from the date of this order for the plaintiff to make proper service or renew their motion for alternative service.

Date: 7/24/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court

9